[No. B126081. Second Dist., Div. Three. Apr. 20, 2000.]

In re R. G. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent;
ROBERT G., Defendant and Appellant.

COUNSEL

Kimball & Linares and Leonard L. Linares for Defendant and Appellant.

Lloyd W. Pellman, County Counsel; Auxiliary Legal Services, Patrick D. Goodman and Jill Regal, for Plaintiff and Respondent.

OPINION

KITCHING, J.—

## I

### INTRODUCTION

In this case we decide the juvenile court did not abuse its discretion when it granted the petition of a school district to disclose confidential information from a juvenile court file that a schoolteacher had sexually abused his minor daughters.

Appellant, Robert G. (Father) was a schoolteacher. The juvenile court sustained a petition alleging that he had sexually abused his two daughters. The school district which employed Father petitioned the juvenile court pursuant to Welfare and Institutions Code section 827[1] to disseminate the information regarding the juvenile court's finding of sexual abuse to the California Commission on Teacher Credentialing. Section 827 permits the juvenile court to grant a petition to disclose the confidential juvenile court information where the need for disclosure outweighs the policy favoring confidentiality of juvenile court records. We hold that the confidentiality

---

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

laws regarding the disclosure of juvenile court records are meant to protect the child's privacy and not to protect adults from the consequences of their acts. We find the trial court did not abuse its discretion and we affirm.

## II

### FACTUAL AND PROCEDURAL BACKGROUND

R. G. is now 16 years old and her sister S. G. is nine years old. The minors were taken into protective custody on April 29, 1997, after the Los Angeles County Department of Children and Family Services (DCFS) was advised that Father had sexually and physically abused his daughters. On May 1, 1997, the DCFS filed a petition which alleged the sexual abuse of R. G. and S. G., and of their maternal aunt. On May 2, 1997, the juvenile court ordered the minors placed with their mother. The DCFS later filed an amended petition dismissing the count relating to the maternal aunt. The juvenile court sustained the amended petition. Subsequently, the court terminated jurisdiction and granted the mother sole physical and legal custody of the minors.

On or about May 14, 1998, the DCFS petitioned the court under section 827 for permission to release the minors' confidential juvenile court records to the school district where Father was employed. The DCFS mailed a copy of the petition to Father's attorney on May 7, 1998. The proposed order for release of the records stated, in relevant part:

"DCFS requests permission to inform [the employee relations supervisor and the superintendent of Father's school district], that a teacher employed by the District was found to have sexually abused his two daughters. In addition, DCFS requests permission to release the sustained amended petition to the Employee Relations Director and the Superintendent. . . .

"Robert [G.], the father in the juvenile court case, is a school teacher [at an elementary school in the school district]. He previously taught at [another elementary school] in [another school district]. The juvenile court sustained the petition while Robert [G.] was an employee of the [other school district]. He was teaching at a grade level where the students' age[s] [were] comparable to that of his daughters. Robert [G.] currently teaches a grade at the elementary level.

"The reason for the request is that, in allowing for the dissemination of the information, the Superintendent will be able to alert the principal of [the present elementary school] . . . concerning the potential danger of allowing Robert [G.] to continue having contact with the children in his classroom."

The minors did not object to the disclosure. On or about May 13, 1998, Father filed an objection.

On May 19, 1998, the juvenile court granted the petition and ordered the records released. Father appealed from the order granting the petition. These records have already been released, so the appeal from the May 1998 order is moot.

On or about August 18, 1998, the employee relations director of the school district which employed Father petitioned the court under section 827 for permission to release the minors' confidential juvenile court records to Richard Fisher, staff counsel to the California Commission on Teacher Credentialing, Division of Professional Practices/Discipline Wing (Commission). Attached to the petition were the following: a copy of a (proposed) order for release of confidential juvenile court information; an August 3, 1998 letter from the employee relations director of the school district to the juvenile court requesting authorization to disseminate the confidential information to the Commission ("This information involves sexual misconduct by a teacher, and is relevant to whether the individual's teaching credential should be revoked . . ."); a copy of the sustained amended petition; and, a minute order sustaining the amended petition. On August 3, 1998, a copy of the petition, with the attachments, was mailed to Father's attorney.

The proposed order for release of the information stated, in relevant part:

"1. [the employee relations supervisor] . . . , may release confidential juvenile court information pertaining to the case involving the [G.] minors . . . in the following manner:

"A. [the employee relations supervisor] may inform Mr. Richard Fisher, Staff Counsel, California Commission on Teacher Credentialing, Division of Professional Practices/Discipline Wing, that Robert [G.], a teacher employed by [the school district], has been found to have sexually abused his two daughters and another female minor.

"B. [the employee relations supervisor] may release a copy of the juvenile court petition as amended and sustained by the Juvenile Court, to Mr. Richard Fisher, California Commissioner on Teacher Credentialing.

"2. Mr. Richard Fisher, Staff Counsel, California Commission on Teacher Credentialing, may disseminate the confidential juvenile court information to those on the California Commission on Teacher Credentialing who require the information to investigate the fitness of a teacher to hold a credential."

The minors did not object to the disclosure. On or about August 11, 1998, Father filed an objection, which stated, in relevant part:

"This objection is based on the fact that at the hearing of this matter, the Court specifically found that the testimony of the social worker, . . . , was to [sic] biased against the father that the report and testimony were of no value to the Court.

" Now, after the [DCFS] has filed its request for disclosure of confidential information, [the school district where Father is employed] is now requesting that information, and in its request, the [school district] repeats the misinformation in the report. In paragraph 1(a) of the [school district's] proposed order it is stated that '[the Employee Relations Supervisor] may inform Mr. Richard Fisher, Staff Counsel, California Commission on Teacher Credentialing, . . . that Robert [G.], a teacher employed by the [school district], has been found to have sexually abused his two daughters and another female minor.' This information is totally incorrect, and these false statements have been repeated and are now being disseminated. Father objects to the dissemination of this misinformation."

On August 18, 1998, the juvenile court granted the petition and ordered the records released. The information has not yet been released.

Father timely filed an appeal.

### III

### DISCUSSION

#### A.  *Standard of Review*

The trial court's decision to grant a petition to release confidential juvenile court records is reviewed under the abuse of discretion standard. (See *In re Keisha T.* (1995) 38 Cal.App.4th 220, 225 [44 Cal.Rptr.2d 822].)

#### B.  *Relevant Statutes and Rules of Court*

Section 827 and California Rules of Court, rule 1423 provide guidelines regarding the dissemination of juvenile court records.

##### 1.  *Section 827*

At the time the court ordered the records released, section 827 provided, in relevant part: "Except as provided in Section 828, a petition filed in any

juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer, may be inspected only by court personnel, the district attorney, a city attorney or city prosecutor authorized to prosecute criminal or juvenile cases under state law, the minor who is the subject of the proceeding, his or her parents or guardian, the attorneys for the parties, and judges, referees, other hearing officers, probation officers and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor, the superintendent or designee of the school district where the minor is enrolled or attending school, members of the child protective agencies . . . , members of the children's multidisciplinary teams, persons or agencies providing treatment or supervision of the minor, and *any other person who may be designated by court order of the judge of the juvenile court upon filing a petition therefor.*" (Italics added.)

█ While it is the intent of the Legislature that juvenile court records remain confidential, the policy of confidentiality is not absolute. (*In re Keisha T., supra,* 38 Cal.App.4th at p. 231.) "Subdivision (a) of section 827 . . . contains open-ended language permitting the juvenile court to designate by court order other persons who may inspect juvenile court records. This language has been consistently interpreted to vest the juvenile court with exclusive authority to determine when a release of juvenile court records to a third party is appropriate. [Citations.]" (38 Cal.App.4th at p. 232.)

### 2. *California Rules of Court Rule 1423*

California Rules of Court, rule 1423(b) provides, in relevant part: "In determining whether to authorize inspection or release of juvenile court records, in whole or in part, the court shall balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public. The court shall permit disclosure of, discovery of, or access to juvenile court records or proceedings only insofar as is necessary, and only if there is a reasonable likelihood that the records in question will disclose information or evidence of substantial relevance to the pending litigation, investigation, or prosecution. The court may issue protective orders to accompany authorized disclosure, discovery or access."

This rule of court provides guidance to the juvenile courts "in making the decision whether to permit persons to inspect, obtain, or copy juvenile court records . . . ." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 235.) It "sets

forth the proper balancing test for the juvenile court to undertake. It recognizes competing interests, including the public interest, may tip the balance in favor of disclosure." (*Ibid.*)

C. *In re Keisha T.*

*In re Keisha T.* discusses both section 827 and California Rules of Court, rule 1423. In that case, a newspaper "petitioned the juvenile court for permission to inspect and copy the court records pertaining to 10 minors" for "a story about the ability or inability of Sacramento County to protect abused and neglected children." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 226.) Several of the minors objected on the grounds it would not be in their best interests. (*Id.* at p. 227.) The court permitted inspection of the records and developed a procedure to provide guidance for their disclosure. (*Id.* at pp. 228, 239.)

The court considered the scope of disclosure under section 827. It stated: "[I]t is the express intent of the Legislature 'that juvenile court records, in general, should be confidential.' [Citation.] The strong public policy of confidentiality of juvenile proceedings and records has long been recognized. [Citations.] Courts have recognized, however, that this policy of confidentiality is not absolute. The juvenile court, which is in the best position to determine whether disclosure is in the best interests of the minor, has been vested with 'exclusive authority to determine the extent to which juvenile records may be released to third parties.' [Citation.] Confidentiality cannot always be honored." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 231, fn. omitted.) *Keisha T.* noted that section 827 listed persons and agencies who were able to inspect juvenile court records without a court order, but also permitted "inspection by 'any other person' designated by court order. [Citations.]" (38 Cal.App.4th at pp. 231-232, fn. omitted.)

*Keisha T.* noted that "[c]ase law has recognized that a broader category of persons than those enumerated in section 827 may be permitted access to material in juvenile court files in the appropriate case. . . . [T]he cloak of confidentiality must fall to the rights of a criminal defendant to mount a defense. [Citations.] [¶] Portions of juvenile court records may also be disclosed in connection with civil proceedings independent of the dependency or delinquency proceeding involving the minor." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 232.) The cases show that "there may be situations in which competing interests require the disclosure of some material in a juvenile court record." (*Id.* at p. 233.)

The court also noted that section 827 "prohibits one who receives access to juvenile court records from independently making a decision to disclose

such records to others not authorized by the statute or court order. It is the juvenile court, not the recipient, that has the authority to decide to whom juvenile court records may be released." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 234.)

The court adopted the balancing test in California Rules of Court, rule 1423, which "directs the juvenile court to balance the interests of the minors and other parties to the proceeding, the interests of the petitioner, and the interests of the public. Only information that is necessary and has substantial relevance to the legitimate need of the petitioner should be released." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 240.)

### D.  *Good Cause*

■ The "petitioner seeking access to juvenile court records must first show good cause." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 240.) In addition, "[t]he minor and other interested parties must be given notice and an opportunity to be heard." (*Ibid.*)

The school district contends it has good cause to obtain the confidential records at issue in this case and to disclose them to the Commission. It argues the Education Code demonstrates the legislative intent that both state and local officials are to be notified when teachers have been accused of sexual misconduct with minors.

The Commission establishes professional standards for obtaining teaching credentials. (Ed. Code, § 44225.) It reviews and revises the code of ethics for the teaching profession. (Ed. Code, § 44225, subd. (c).)

"The Commission . . . shall privately admonish, publicly reprove, revoke or suspend for immoral or unprofessional conduct, or for persistent defiance of, and refusal to obey, the laws regulating the duties of persons serving in the public school system, or for any cause which would have warranted the denial of an application for a credential or the renewal thereof, or for evident unfitness for service." (Ed. Code, § 44421.)

Education Code section 44932 states that a permanent employee may be dismissed for, inter alia, immoral or unprofessional conduct, or evident unfitness for service.

The Commission's Committee of Credentials has jurisdiction to investigate allegations of acts by credentialed teachers for which they may be disciplined or for which their credential may be suspended or revoked. (Ed.

Code, § 44242.5.) The committee may begin an investigation upon receipt of, inter alia, (1) official records of any agency of California, and (2) a complaint of sexual misconduct filed against the teacher. We note the committee may begin an investigation upon the receipt of a complaint of sexual misconduct. There is no requirement that there be a criminal conviction for such sexual misconduct.

" 'Sexual misconduct' " is defined in the California Code of Regulations, title 5, section 80300, subdivision (s) as "(1) acts or conduct, directed at a minor which a reasonable person would believe to be motivated by sexual interest; [¶] (2) acts or conduct defined in Education Code section 44010 whether or not the . . . holder [of a credential] was convicted or arrested."

Finally, there is no statute of limitations on the investigation of allegations of sexual misconduct. (Ed. Code, § 44242.7, subd. (a).)

These statutes and regulations show that the Legislature intends to make schools safe for students (Ed. Code, § 44276.1), and to protect them from sexual misconduct. It gives the necessary state agencies the power to investigate charges of sexual misconduct and to terminate teachers when necessary. The school district has shown that it has good cause to disseminate the information from the juvenile court records to the Commission.

### E.  *Balancing*

As stated above, California Rules of Court, rule 1423 provides that a court should "balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public."

#### 1.  *The Children*

Any balancing must be guided by the principle that "[f]irst, and foremost, the court's discretion must be directed at determining what is in the best interests of the minors, for that obviously is its primary concern at all times in the juvenile proceeding." (*San Bernardino County Dept. of Public Social Services v. Superior Court* (1991) 232 Cal.App.3d 188, 207 [283 Cal.Rptr. 332].)

The minors did not object to either of the requests. Moreover, the court removed the names of the children from the sustained juvenile petitions to further protect their privacy.

#### 2.  *The Father*

Father argues the trial court improperly balanced the interests of the parties under the *Keisha* case. Father contends "the information, inaccurate

and improperly released, will have a direct and lasting effect on his ability to pursue his career as a teacher, and beyond that, his reputation and standing [in] the community."

The facts in this case are significantly different from those in *Keisha*. In *Keisha*, the court balanced the privacy interests of the children with the interests of the press. In that case, disclosure of information to the press would "permit public awareness and monitoring of the juvenile welfare system." (*In re Keisha T., supra*, 38 Cal.App.4th at p. 240.)

In this case, Father has no valid argument that the school district should not inform the Commission of the juvenile court's finding that he sexually abused his two daughters. Juvenile court records are confidential in order to protect a minor's privacy, not to shield the perpetrator of sexual abuse from the consequences of his acts.

With regard to the accuracy of the information, Father does not argue that the information about the sexual abuse of his daughters is incorrect. He only contends that the allegation that he sexually abused a third minor is wrong. The school district's petition for release of documents to the Commission contained a copy of the amended sustained petition with the allegation about the other minor stricken. That should alleviate any problem regarding the dissemination of incorrect information.

### 3. *The School District and the Public*

The petitioner school district has an interest in protecting schoolchildren from perpetrators of sexual misconduct. Father, a teacher, sexually abused his daughters. This indicates he could be a danger to children. The interests of the public coincide with those of the school district.

After balancing the interests in this case, we conclude that the juvenile court did not abuse its discretion in releasing the documents. "The confidentiality afforded by section 827 is designed to protect the best interests of the minors . . . ." (*In re Keisha T., supra*, 38 Cal.App.4th at p. 238.) The interest of protecting schoolchildren from sexual abuse clearly supports the decision of the juvenile court.

## IV

### DISPOSITION

The order granting the August 1998 petition for disclosure of juvenile court records is affirmed.

Klein, P. J., and Croskey, J., concurred.